## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| FERROGGER WATKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 06 cv 1129 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### O R D E R

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence filed by Petitioner, Ferrogger Watkins, on May 18, 2006.  For the reasons set forth below, the Motion is DENIED.

### BACKGROUND

On August 3, 2004, Petitioner, Ferrogger Watkins, was convicted by a jury of possession with the intent to distribute 25.2 grams of cocaine and possession with the intent to distribute 7.3 grams of cocaine base (crack).  He was sentenced on February 15, 2005, to 120 months incarceration on both counts to run concurrently, and 6 months and 8 months of supervised release, respectively, to run concurrently.

Petitioner appealed his sentence and alleged that "in order for the judge to sentence him to a mandatory sentence based on a prior conviction, that prior conviction must be charged,

submitted to the jury, and proven beyond a reasonable doubt." (Respondent's Ex. 2 p. 3).  The Seventh Circuit Court of Appeals summarily affirmed his sentence and conviction on June 27, 2005. (Resp. Ex. 3).

Petitioner's present motion concerns the difference between cocaine base and crack cocaine and the impact on his sentence. He alleges that counsel was ineffective in failing to argue at sentencing that the substance Petitioner possessed was cocaine base and not crack cocaine and that it was not proved that Petitioner possessed crack cocaine.[1]  He states that had counsel been effective, he would have been sentenced to a shorter jail term.  Petitioner further argues that counsel was ineffective for failing to argue that there is a disparate impact in sentences for crack cocaine and cocaine base, that his criminal history was over-represented, and for failing to make an argument with respect to the finding of a prior conviction. Finally, Petitioner argues that the imposition of a term of supervised release violates the double jeopardy clause of the

---

[1] In making his ineffectiveness arguments, Petitioner contends that the jury never found that he possessed crack cocaine and that this fact was found by the Court or the probation office (via the presentence report).  Thus, it seems that Petitioner is attempting to make an argument based on United States v. Booker, 543 U.S. 220 (2005).  It is clear, though, that the jury did find that Petitioner possessed with the intent to distribute 7.3 grams of crack cocaine.  See n.5 infra.

Fifth Amendment[2] and his counsel was ineffective for failing to raise this argument.[3]

## DISCUSSION

**A.  Standard**

Title 28 U.S.C. § 2255 provides that a sentence may be vacated, set aside, or corrected:

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

Relief under § 2255 is "an extraordinary remedy to one who already has had an opportunity for full process." Kafo v. United States, 467 F.3d 1063, 1068 (7th Cir. 2006). A hearing is not required if the records "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255, ¶ 2; Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007); Kafo, 467 F.3d at 1067 (noting that in order for a hearing to be

---

[2] ". . . nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . ."

[3] Within these arguments, Petitioner contends that the trial court erred by relying on a presentence report that assumed Petitioner possessed crack cocaine. This argument is without merit. See n.5 infra. He further argues that the disparate impact of penalties for crimes involving crack cocaine on African Americans violates the Equal Protection Clause as similar penalties are not imposed upon crimes involving methamphetamines, which Petitioner contends are committed primarily by Caucasians. This argument is unsupported and simply without merit.

granted, the affidavit that accompanies a § 2255 motion must be a detailed and specific document that constitutes actual proof of the allegations and not merely unsupported assertions). An evidentiary hearing in this matter is unnecessary as the issues can be resolved on the documents provided to the Court.

**B.   Ineffective Assistance of Counsel**

Petitioner's ineffectiveness claims are analyzed under the familiar standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984). In order to prevail on these claims, Petitioner must show that his counsel's performance was objectively deficient and that this deficient performance prejudiced his defense. Id. at 687. Counsel's performance is deficient if it "is one that falls below an objective standard of reasonableness under prevailing professional norms." Shell v. United States, 448 F.3d 951, 954-955 (7th Cir. 2006). Petitioner bears a "heavy burden" in establishing this first prong because of a strong presumption that counsel's conduct was reasonable. Id. As to the second prong, Petitioner must "affirmatively show prejudice" – he must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694-695.

Petitioner's first arguments concern the Presentence Report (hereinafter "PSR") and counsel's failure to object to the items

4

contained therein. Petitioner states that counsel was ineffective for failing to challenge the inclusion in the PSR that he possessed crack cocaine (as opposed to other forms of cocaine). He goes on to argue that the government, at trial, failed to prove that the substance was crack cocaine and that, at sentencing, his counsel should have raised this argument.[4] To support his contention, Petitioner, in his affidavit attached to his memorandum, states that he learned after trial that there was a defense to the allegation that he possessed crack cocaine. Petitioner offers no clue as to what this defense may be – he neither articulates the defense in his affidavit nor in his memorandum.

In response, the government points to the jury verdict finding that Petitioner possessed "cocaine base (crack)." It would appear from the guilty verdict, which found Petitioner guilty of possessing crack cocaine,[5] that an argument during

---

[4] This argument is distinct from an assertion (which Petitioner does not appear to be making) that counsel was ineffective *at trial* for failing to adequately challenge the chemical composition of the substance. Even if Petitioner is making this argument, it would fail for the same reasons indicated below.

[5] Petitioner makes much of the manner in which "cocaine base (crack)" is stated in the indictment and verdict. Petitioner appears to argue that including "crack" parenthetically is either confusing or inaccurate. However, the phrase instead is clear: while all crack is cocaine base, not all cocaine base is crack; inclusion of "crack" parenthetically identifies the specific form of cocaine base that is at issue. This argument, as well as the related arguments identified above are without

sentencing that the substance was not crack cocaine would be futile.  Counsel cannot be faulted for failing to make an argument that would have no merit.  See United States v. Rezin, 322 F.3d 443, 447 (7th Cir. 2003) ("A defendant's lawyer has, it is certainly true, no duty to make a *frivolous* argument; and there is a tactical reason not to make weak argument. . . ." (emphasis in original)).  In this instance, whether the substance was in fact proven to be crack cocaine is not an argument to be made at sentencing; but rather is an argument to be made on appeal.  Making such an argument at sentencing, in the face of the jury verdict, would have simply been futile.

With respect to whether counsel erred in failing to challenge at trial the amount and composition of the substance, Eric M. Schwing, Petitioner's attorney at trial, indicates that he made the strategic decision not to challenge the substance because Petitioner admitted that the substance was crack and because an expert at trial testified that the substance was crack.  Rather, Schwing stated that his strategy was to challenge the distribution element of the crime.  Petitioner certainly argues that counsel was ineffective for failing to challenge the substance; however, he does not indicate that he

---

merit.  There can be no question that a jury found Petitioner guilty of possession of crack cocaine with the intent to distribute.  This fact was neither found by the Court or the PSR but by a jury after trial.

disagreed with the strategy to challenge the distribution element of the crime.

This Court should not "second-guess trial tactics that are rationally based." United States v. Booker, 981 F.2d 289, 295 (7th Cir. 1992). "In assessing the performance of counsel, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.''" Rodriguez v. United States, 286 F.3d 972 (7th Cir. 2002) (quoting Strickland, 466 U.S. at 689). Petitioner has presented no argument that would challenge his attorney's assessment that focusing a defense on the distribution element of the crime would be the best trial strategy. Given the conclusive evidence regarding the type and quantity of the drugs (via Petitioner's admission and expert testimony), and the small amount of drugs at issue, such a strategy is rationally based.

Petitioner next argues that counsel was ineffective for failing to make argument with respect to the disparate impact in sentences between crack cocaine and cocaine, for failing to object to the over-representation of his criminal history in the PSR, and for failing to challenge his prior conviction. Each argument is without merit. The first two arguments fail because

7

Petitioner was sentenced to the *statutory* minimum on the crack cocaine count – the count Petitioner challenges.  See United States v. Cannon, 429 F.3d 1158, 1160 (7th Cir. 2005) (holding that the district court is required to follow statutory minimum sentences).  As Respondent points out, the sentencing guidelines calculation, which would include Petitioner's criminal history, was irrelevant to Petitioner's sentence, which was based on the statutory minimum.  Second, Petitioner's disparate impact argument, even if made by counsel at sentencing, would have been futile in light of United States v. Miller, 400 F.3d 270 (7th Cir. 2006).  In that case, the Seventh Circuit stated that a defendant is not entitled to a "deviation from the statutory ratio" of 100:1 in penalties for crack cocaine and cocaine, respectively.  Id. at 275.  The court also cited, with some approval, the notion that the District Court is obligated to impose the minimum sentences contained in the statutes – minimum sentences that represent legislative choice.  Id.; See also United States v. Hankton, 463 F.3d 626, 629-630 (7th Cir. 2006).  Therefore, counsel cannot be ineffective for failing to make these arguments as they would have been futile.[6]

---

[6] In any event, "district courts cannot change the calculations that form the basis of a sentencing range in order to evade the statutory minimum sentences.  Many other courts of appeal have agreed that district courts lack discretion to alter a defendant's criminal history points so as to render him eligible

8

Petitioner's next claim that counsel erred for failing to challenge his prior conviction also is without merit.  On direct appeal, Petitioner argued that in order for the district court to sentence him, a jury, as the trier of fact, must find that Petitioner had a prior conviction.  This argument was summarily rejected by the Seventh Circuit Court of Appeals.  To the extent that Petitioner is making the same argument here, it is subject to *res judicata*.  Moreover, given the summary rejection of this argument, Petitioner's counsel cannot be faulted for failing to raise the argument.  As Respondent pointed out in its brief on direct appeal, Almendarez-Tores v. United States, 523 U.S. 224 (1998), held that recidivism is not an element of an offense and need not be charged in the indictment or proved beyond a reasonable doubt.  Id. at 246.  United States v. Booker did not change this holding.  543 U.S. at 756 ("Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added).

Petitioner's final argument, that counsel erred in failing to argue that a term of supervised release violates the double

---

for a 'safety valve' departure." United States v. Vega-Montano, 341 F.3d 651, 619-620 (7th Cir. 2003).

9

jeopardy clause, is also without merit.  Petitioner cites to no case authority that holds that statutory supervised release provisions are unconstitutional.  Title 18 U.S.C. §3583(a) provides that a term of supervised release is part of a sentence.  Indeed, the statutes under which Petitioner was convicted, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(B), provide for mandatory terms of supervised release in addition to terms of incarceration.  Supervised release is not a separate punishment but rather a part of the sentence.  See <u>Johnston v. United States</u>, 529 U.S. 694, 701 (2000) (noting that most Courts treat sanctions for the  violation of supervised release as a penalty for the original offense (citing <u>United States v. Wyatt</u>, 102 F.3d 241, 244-245 (7th Cir. 1996))).  As a period of supervised release is authorized by statute and included in Petitioner's sentence, it does not constitute double punishment and does not violate the Constitution.  Petitioner's counsel is not ineffective for failing to make an argument that is without merit.

## CONCLUSION

Petitioner has not established that he is entitled to the extraordinary relief afforded by the habeas statute.  None of the issues raised in this Motion have sufficient merit to vactate, set aside, or correct his sentence.

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence filed by Petitioner, Ferrogger Watkins, on May 18, 2006 [Doc. 1] is DENIED.  This matter is DISMISSED WITH PREJUDICE.

CASE TERMINATED.


Entered this  29th  day of August, 2007


                                        s/ Joe B. Mcdade
                                        JOE BILLY McDADE
                                    United States District Judge